UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ACCESS FOR AMERICA, INC.,**
a Florida not for profit
corporation, and **DOUG
Wilder**, individually,

    **Plaintiffs,**

v.                            **Case No.: 8:04-CV-650-T-EAJ**

**ASSOCIATED OUTDOOR CLUBS,
INC.,** a Florida corporation,
d/b/a **TAMPA GREYHOUND TRACK,**

    **Defendant.**[1]

_____/

## ORDER

Before the court are **Defendant's Motion to Dismiss Plaintiffs'
Complaint for Lack of Subject Matter Jurisdiction or in the
Alternative Motion for Final Summary Judgment** (Dkt. 46) and
**Defendant's Memorandum in Support** (Dkt. 47).[2]  Oral argument on
this instant dispositive motion was held before the undersigned on
May 3, 2005.  For the following reasons, the motion to dismiss is
granted.

_____

[1] The parties have consented in this case to the exercise of
jurisdiction by a United States Magistrate Judge. (Dkt. 19)

[2] Plaintiffs have filed two responses to the instant
dispositive motion, and both were stricken due to Local Rules
violations and this court's orders concerning page length and font
size. (See Dkts. 61, 64, 65, 67).  Nevertheless, the court
determined to hold oral argument rather than grant the motion as
unopposed.

**Factual Background**

Plaintiffs Doug Wilder[3] ("Mr. Wilder") and an organization to which he belongs, Access for America, Inc. ("AFAI") filed the instant lawsuit against Associated Outdoor Clubs, Inc. d/b/a/ Tampa Greyhound Track ("the Facility" or "the Track") on March 29, 2004. (Dkt. 1)  Mr. Wilder has muscular dystrophy and is confined to a wheelchair.  AFAI alleges to be an organization with members who have disabilities as defined by the ADA. (Dkt. 1 at 4)  AFAI further alleges that its members are representative of a broad cross-section of the disabilities that are protected from discrimination by the ADA. (Id.)[4]

The complaint alleges that Mr. Wilder traveled to the Facility in the beginning of 2004.[5]  He claims that the Facility contained structural barriers to access in violation of Title III of the ADA.

_____

[3] Mr. Wilder's deposition has been filed at Dkt. 55, attachment 1. All references to his deposition testimony in this case are to "T" followed by the page number(s).

[4] The purpose of AFAI, as stated in the complaint, is to "represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." (Dkt. 1 at 4).

[5] Plaintiffs' complaint does not designate the date that Mr. Wilder visited the Facility.  Mr. Wilder testified at his deposition that he did not remember the date that he visited the Facility. (T 79) When asked by Defendant to "state the date and time you visited the Defendant's premises described in the complaint and were discriminated against" Mr. Wilder stated, "I visit Tampa approximately once a month for various reasons. . . . [and] visited the Tampa Greyhound Track in January, February, and July of 2004). (Dkt. 54 at 3, interrog. #6).

Plaintiffs seek injunctive and declaratory relief.[6]  In addition, Plaintiffs seek attorney's fees under 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

**Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction or in the Alternative Motion for Final Summary Judgment** (Dkt. 46) contends that Plaintiffs' complaint should be dismissed under Rule 12(b)(1), Fed.R.Civ.P., or in the alternative, that summary judgment should be entered in favor of Defendant under Rule 56, Fed.R.Civ.P., because Plaintiffs lack standing to sue for injunctive and declaratory relief.  Both of Defendant's dispositive motions are based on the theory that Mr. Wilder's vague intentions to return to the Facility, which form the basis for the request for injunctive relief, are not sufficient to confer Article III standing.[7]

---

[6] Only injunctive and declaratory relief are available to private litigants who sue under Title III of the ADA.  42 U.S.C. § 12188 (2004).

[7] Defendant previously brought a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss, arguing: (1) AFAI lacks standing to assert claims for declaratory and injunctive relief on behalf of its members under Title III of the ADA; (2) Plaintiffs lack standing to seek injunctive relief because they have failed to allege facts sufficient to demonstrate any real and imminent threat of future injury; and (3) Mr. Wilder lacks standing to sue concerning ADA violations at the Track that do not relate to his particular ADA disabilities (Dkt. 5).  The Honorable Elizabeth A. Kovachevich, United States District Judge, denied the motion on July 22, 2004, but invited Defendant to file a motion for summary judgment. (Dkt. 15 at 9).

**Discussion**

The ADA contains three sections: Title I disallows discrimination in the workplace, Title II prohibits discrimination by public entities, and Title III bars discrimination by private actors in places of public accommodation. Title III of the ADA states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

In the instant case, Plaintiffs allege that Defendant[8] has violated Title III of the ADA by maintaining structural barriers to access which limited Mr. Wilder's "access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of" the Facility. (Dkt. 1 at 6)[9]

In order to meet the requirements for Article III standing, a

---

[8] It is undisputed that the Tampa Greyhound Track is a place of public accommodation.

[9] Plaintiffs' complaint divides the alleged ADA violations into the categories of (1) Parking; (2) Entrance Access and Path of Travel; (3) Access to Goods and Services; and (4) Restrooms. Plaintiffs have alleged thirty-five specific alleged violations. (Dkt. 1 at 6-9) For example, Plaintiffs allege that the ticket counter of the facility was too low for Mr. Wilder to purchase tickets, that the bathrooms were not properly equipped to accommodate disabled people, and that the second and third floors of the Facility were not wheelchair accessible.

plaintiff must establish that he has suffered an injury in fact, that the injury was causally connected to the defendant's acts, and that the injury would be redressed by a judgment in the plaintiff's favor. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

In addition, a plaintiff seeking injunctive relief, as in the present case, must allege a threat of future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)("exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (internal citation omitted). The threat of future injury must be "real and immediate--as opposed to . . . merely conjectural or hypothetical." Wooden v. Bd. of Regents of Univ. Sys. of Geo., 247 F.3d 1262, 1284 (11th Cir. 2001). In ADA cases, plaintiffs lack standing to seek injunctive relief if the facts do not give rise to the inference that future unlawful discrimination will occur. See Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

For an organization to have associational standing to bring suit on behalf of its members, it must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests [the organization] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members

in the lawsuit." <u>Hunt v. Wash. State Apple Adver. Comm.</u>, 432 U.S. 333, 343 (1977).   Further, to enjoy associational standing, an organization must allege an injury to at least one of its members. <u>Warth v. Seldin</u>, 422 U.S. 490, 511 (1975).   Thus, an organization's failure to maintain a member who has standing to sue is fatal to that organization's standing if associational standing is the sole basis for the organization's standing. <u>Nat'l Alliance for the Mentally Ill v. Bd. of County Comm'rs of St. John's County</u>, 375 F.3d 1292, 1296 (11th Cir. 2004)("the right of an association to sue on behalf of its constituents does not relieve its of its obligation to show that one of its constituents otherwise had standing to sue.")(citation omitted).

For an individual plaintiff to bring suit under Title III of the ADA, such plaintiff must allege to be a qualified individual with a disability that was unlawfully subjected to discrimination because of that disability. <u>Stewart v. Happy Herman's Chesire Bridge, Inc.</u>, 117 F.3d 1278, 1285 (11th Cir. 1997).

In the present case, Mr. Wilder alleges that he has encountered past discrimination prohibited by the ADA due to barriers to access at the Facility and that he desires to return to the Facility in the future.   During his deposition, Mr. Wilder stated that for the last three years, he has traveled to the Facility six or eight times per year. (T 45)  He and his daughters have annual passes to Busch Gardens and he sometimes drops his

daughters off at Busch Gardens and then goes to the Facility. (T 46) As will be discussed <u>supra</u>, Mr. Wilder described only a general intent to return to the Facility.  He also stated that there are at least two greyhound racing tracks closer to his Punta Gorda, Florida home than the Defendant's Tampa, Florida Track. (T 157) It is judicially noticed that the Defendant's Track is approximately 100 miles away from Mr. Wilder's home. Plaintiff acknowledged at his deposition that it takes him about two hours to travel from his home to the Defendant's Track. (T 62-63)

**<u>Subject Matter Jurisdiction</u>**

Defendant has filed a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., factual assertions relating to Plaintiffs' standing, specifically Mr. Wilder's allegations regarding threat of future injury.  In <u>Morrison v. AmWay Corp.</u>, 323 F.3d 920, 925 (11th Cir. 2003) the court instructed:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks.  Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.  Appellees' motion to dismiss was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings.

(internal citations omitted).

To adjudicate a Rule 12(b)(1), Fed.R.Civ.P., motion factually

7

attacking Plaintiffs' standing, this court will not assume that the facts Plaintiffs have set out are true. <u>Rosenkrantz v. Markopoulos</u>, 254 F. Supp. 2d 1250, 1251 (M.D. Fla. 2003); <u>see also Goodman v. Sipos</u>, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001)(factually-based attacks on subject-matter jurisdiction go beyond the pleadings and permit testimony and affidavits to be considered) (citation omitted).   Plaintiffs bear the burden of proof on the instant motion to dismiss for lack of subject matter jurisdiction. <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980).[10]  Once subject matter jurisdiction is challenged, a plaintiff must "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." <u>Warth</u>, 422 U.S. at 518.

Defendant alleges that there is no "case or controversy" because Mr. Wilder, while seeking injunctive relief, has failed to credibly or sincerely allege that he will suffer a future injury. According to Defendant, Mr. Wilder's statement that he plans to return to the facility lacks the degree of specificity required by <u>Lujan</u>.[11]  In addition, Defendant argues that Plaintiffs' litigation

---

[10]Decisions of the Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.   <u>See Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[11]   The Supreme Court held in <u>Lujan</u> that:

Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief

history undercuts Mr. Wilder's statement that he intends to return to the Track.[12]

Mr. Wilder's statements made during his October 28, 2004 deposition do not support the proposition that Mr. Wilder faces an actual or imminent threat of future injury at the Track.  Mr. Wilder does not state when he intends to return to the Track; rather, he takes spontaneous trips and never knows which town he will visit from day to day. (T 26-27)

When asked what plans he had to return to the Track, Mr. Wilder responded that he would return to the Track the next time he traveled to Busch Gardens. (T 92)  When asked when he would return to Busch Gardens, Mr. Wilder responded "There's no set date." (Id.)[13]  Mr. Wilder's answers regarding his plans to return to the

---

if unaccompanied by any continuing present adverse effects.  And the affiant's profession of an "intent" to return to the places that they had visited before – where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species – is simply not enough.  Such "someday" intentions–without any description of concrete plans, or indeed even any specification of *when* the some day will be– do not support a finding of the "actual or imminent" injury that our cases require.

504 U.S. at 564.

[12] Upon the request of Defendant, and without objection from Plaintiffs, this court judicially notices the fact that Mr. Wilder has filed at least 158 ADA complaints in the Middle District of Florida and has filed at least nineteen ADA complaints in the Southern District of Florida. (Dkt. 46 at 3)

[13] One of the ADA actions filed by Mr. Wilder challenged accommodations at a hotel near Busch Gardens, in Tampa, Florida.

Facility, a required element for standing to seek injunctive relief, were consistently vague.[14] Mr. Wilder could not even recall the date of his visit to the Track that led him to file the complaint in this case. (T 79)[15]. This court also agrees that Mr.

---

Access for America, Inc. and Doug Wilder v. Busch Junction Enterprises, a/k/a/ Busch Junction, Inc., et al., Case No. 8:04-CV-653-T-24TBM (M.D. Fla. Nov. 23, 2004), available at http://Pacer.psc.uscourts.gov. On November 23, 2004, the district judge granted a Rule 12(b)(1), Fed.R.Civ.P., motion to dismiss and found that Mr. Wilder's professed intentions to return to the hotel and to Busch Gardens in general were not concrete enough to confer Article III standing. The case is currently on appeal.

[14] When asked about travel plans, Mr. Wilder stated, "It's just like, let's go, or maybe the kids have friends that, you know, want to go somewhere up here and they'll throw in some fuel money and we go." (T 79) Mr. Wilder agreed that his trips to the Track and other locations were "spontaneous." (Id.) When asked by Defendant, "What plans do you have to come back to the Tampa Greyhound Track?" Mr. Wilder gave the inconclusive statement: "The next time or two I'll take the kids to Busch Gardens." (T 92) When asked, "When's that going to be?" Mr. Wilder responded, "There's no set date." (Id.) When asked about how he makes travel plans, Mr. Wilder stated that he never makes plans. (T 129) Mr. Wilder agreed with Defendant's attorney that Mr. Wilder never makes concrete plans. (Id.) At the close of the deposition, Defendant asked Mr. Wilder once more of his plans to return to the Track, and Mr. Wilder described his plans which existed at the time the complaint was filed (March 29, 2004). Plaintiff stated: "At that time [the time the complaint was filed], I had plans. There was a time in July that we came back, that I was there. I did have plans for Saturday, but because the kids wanted to go to Howl-O-Scream, but everybody didn't get enough money together, so . . . Maybe possibly Thanksgiving time, on that weekend . . . [t]his weekend was supposed to be set but it didn't work. . . ." (T 157-160). This statement does not add any substance to Mr. Wilder's alleged intent to return to the Facility.

[15] When asked by Defendant when Mr. Wilder visited the Track and was photographed there, Mr. Wilder stated: "I don't know. You know, I'm guessing. You know, I remember it was warm out, so it was – it was after January." (T 50)

10

Wilder's extensive history of ADA litigation undercuts his
professed intent to travel to the Track in the future.  As noted
<u>supra</u>, Mr. Wilder has filed at least 158 ADA actions in the Middle
District of Florida alone.  Mr. Wilder's numerous complaints
necessarily allege that he desires to return to the properties
being sued.  Plaintiff's litigation history is not the only reason
for questioning Mr. Wilder's statement that he intends to return to
the Track.  However, the sheer number of cases Mr. Wilder has filed
gives this court pause.  "[T]he existing law encourages massive
litigation . . . This is particularly true in the Middle District
of Florida where the same Plaintiffs file hundreds of lawsuits
against establishments they purportedly visit regularly.  This type
of litigation undermines both the spirit and purpose of the ADA."
<u>Brother v. Tiger Partner, LLC</u>, 331 F. Supp. 2d 1368, 1373 (M.D.
Fla. 2004)(internal citations omitted).

Several district courts in this Circuit have ruled in favor of
defendant property owners on the issue of ADA plaintiff's standing
to seek injunctive relief in cases similar to the case <u>sub judice</u>.[16]

Plaintiffs submitted at oral argument that this court is
required to hold an evidentiary hearing before dismissing
Plaintiffs' complaint under Rule 12(b)(1), Fed.R.Civ.P.

---

[16] <u>See, e.g.</u>, <u>Tiger Partner, LLC</u>, 331 F. Supp. 2d at 1373;
<u>Brother v. CPL Invest., Inc.</u>, 317 F. Supp. 2d 1358, 1369 (S.D. Fla.
2004); <u>Rosenkrantz</u>, 254 F. Supp. 2d at 1253; <u>See also</u> <u>Rodriguez v.
Investco, LLC</u>, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004).

See <u>Bischoff v. Osceloa</u>, 222 F.3d 874, 879 (11th Cir. 2000).[17] However, <u>Bischoff</u> is distinguishable from the instant case because there are no "warring affidavits" between Plaintiffs and Defendant. All of the evidence which has been considered in the instant case is from Mr. Wilder's deposition testimony or Mr. Wilder's answers to interrogatories. Taken as a whole, Plaintiff's evidence is speculative and establishes only "someday" intentions of returning to the Track which is inadequate under <u>Lujan</u>, especially considering Plaintiff's numerous ADA cases throughout this district. Defendant has not submitted the affidavits or deposition testimony of any of its witnesses. Upon due consideration, this court determines that no evidentiary hearing is required before dismissing Plaintiffs' case under Rule 12(b)(1), Fed.R.Civ.P.

Accordingly, Mr. Wilder lacks the requisite concrete and specific intent to return to the Facility which is necessary to obtain injunctive relief because he has presented only "someday"

_____

[17] In <u>Bischoff</u>, the court was presented with conflicting affidavits on both sides in considering cross-motions for summary judgment and a motion to dismiss by defendant. <u>Id.</u> at 876. Raising the issue of plaintiffs' standing <u>sua sponte</u>, the district court held that the plaintiffs lacked standing to make an as-applied challenge to the state traffic control laws in question. <u>Id.</u> at 879. The Eleventh Circuit reversed because the district court erroneously made credibility determinations based on conflicting affidavits and reiterated prior case law holding that an evidentiary hearing must be held "before resolving disputed factual questions material to the determination of standing." <u>Id.</u> at 880.

intentions of returning.  <u>Lujan</u>, 504 U.S. at 564; <u>Rosenkrantz</u>, 254 F. Supp. 2d at 1253;[18]  <u>see also</u>  <u>Shotz</u>, 256 F.3d at 1082 ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.")(citation omitted).  Because Mr. Wilder has failed to prove a threat of future injury, Mr. Wilder lacks standing to seek declaratory relief as well.[19]

Further, as AFAI's standing is dependent on Mr. Wilder's standing, this court concludes that AFAI lacks standing to pursue injunctive and declaratory relief in this court.

For these reasons, Defendant's motion to dismiss on subject

---

[18]  In <u>Rosenkrantz</u>, 254 F. Supp. 2d at 1250, the court ruled in favor of a defendant hotel on a Rule 12(b)(1), Fed.R.Civ.P., motion to dismiss. <u>Id.</u> at 1253.  The court determined that the plaintiff had vague "someday" intentions to return to the allegedly non-ADA compliant hotel, and such intentions which were not enough to prevail on a motion for injunctive relief. <u>Id.</u>  The plaintiff's plans were identical to the plans stated in <u>Lujan</u>, 504 U.S. at 560: nonconcrete and insufficient.

[19]  Plaintiff's reliance on another Eleventh Circuit case is also unavailing.  In <u>Stevens v. Premier Cruises, Inc.</u>, 215 F.3d 1237, 1239 (11th Cir. 2000), the district court granted a defendant's motion to dismiss, <u>inter alia</u>, on the ground that the plaintiff sought injunctive relief, yet failed to allege a threat of future injury.  <u>Id.</u>  After her complaint was dismissed, the plaintiff submitted a proposed amended complaint which essentially stated that the plaintiff had boarded the ship in the past and planned to return upon the ship's compliance with the ADA. <u>Id.</u>  The district court denied plaintiff the opportunity to amend, stating that such amendment would be futile. <u>Id.</u>  The Eleventh Circuit reversed the district court and determined that the plaintiff's amended complaint would satisfy the pleading requirement for injunctive relief. <u>Id.</u>  In the present case, however, the court must look beyond the pleadings, as a factual attack on subject matter jurisdiction has been launched by Defendant.

matter jurisdiction grounds pursuant to Rule 12(b)(1), Fed.R.Civ.P. is granted, and it is unnecessary to consider the alternative motion for summary judgment.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) **Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction or in the Alternative Motion for Final Summary Judgment** (Dkt. 46) is **GRANTED** to the extent that this case is dismissed; and

(2) the clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida this 15th day of June 2005.


ELIZABETH A JENKINS
United States Magistrate Judge

14